UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JIGNESHI J. JARIWALA,<br><br>　　　　　　Plaintiff,<br>v.<br><br>JANET NAPOLITANO SECRETARY FOR THE DEPARTMENT OF HOMELAND SECURITY., ET AL.,<br><br>　　　　　　Defendants. | Case No.: 10-CV-04383-LHK<br><br>ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL<br><br>(re: dkt. #9) |

Counsel for Plaintiff, Ms. Valerie Ly, has moved to withdraw as counsel on the grounds that she is no longer with the firm representing Plaintiff and no longer has access to his file. *See* Dkt. #9. Pursuant to Civil Local Rule 7-1(b), the Court deems this motion appropriate for resolution without oral argument. Accordingly, the February 24, 2011 motion hearing is vacated. For good cause shown, the Court GRANTS Ms. Ly's motion to withdraw as counsel.

**I. BACKGROUND**

Plaintiff filed his Complaint on September 28, 2010. *See* Dkt. #1. At that time, Plaintiff was represented by Attorney Teresa Salazar-Cosmos of the Immigration Practice Group Law Firm. On October 28, 2010, Ms. Ly substituted in as counsel for Plaintiff. *See* Notice of Substitution of Counsel [dkt. #5]. On December 2, 2010, Ms. Ly filed a motion to withdraw as counsel. *See* Dkt. #9. In that motion, Ms. Ly stated that the Immigration Practice Group Law Firm informed Plaintiff that, as of November 23, 2010, it would not provide further legal representation and returned to

1

Case No.: 10-CV-04383-LHK
ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL

1  Plaintiff his case file.  In addition, Ms. Ly stated that she is no longer with the Immigration Practice

2  Group Law Firm, and does not have access to Plaintiff's case file.

3      On January 13, 2011, Defendants filed a motion to dismiss for lack of jurisdiction.  *See* Dkt.

4  #12.  That motion is set for hearing on April 7, 2011.  To ensure that Ms. Ly's withdrawal would

5  cause as little prejudice to Plaintiff as possible, this Court ordered Ms. Ly to file a declaration and

6  proof of service establishing that: (1) she has informed Plaintiff of the Federal Legal Assistance

7  Self-Help Center ("FLASH") at the San Jose Courthouse; and (2) she has informed Plaintiff of the

8  procedures for registering for the Court's electronic court filing (ECF) system.  *See* February 15,

9  2011 Order [dkt. #15].  In addition, the Court ordered Ms. Ly to provide the Court with Plaintiff's

10 current mailing address.  *Id*.

11     On February 16, 2011, Ms. Ly provided a declaration and proof of service responding to the

12 Court's Order.  *See* Decl. of Valerie Ly [dkt. #16].  Specifically, Ms Ly's declaration stated that

13 she: (1) informed Plaintiff of her motion to withdraw as counsel on December 3, 2010; and (2)

14 mailed and e-mailed a February 16, 2011 letter informing Plaintiff of the Court's FLASH Program,

15 the Court's ECF system, and the Court's February 15, 2011 Order.  In addition, Ms. Ly provided

16 the Court with Plaintiff's mailing address and e-mail address.

## II.  LEGAL STANDARD

18 "An attorney may not withdraw as counsel except by leave of court."  *Darby v. City of*

19 *Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992).  Permission to withdraw is discretionary.

20 *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *Washington v. Sherwin Real*

21 *Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982).

22     Civil Local Rule 11-4(a)(1) requires attorneys practicing in this district to "comply with the

23 standards of professional conduct required of members of the State Bar of California."  Rule 3-700

24 of the Rules of Professional Conduct of the State Bar of California governs an attorney's

25 withdrawal as counsel.  Before withdrawing for any reason, an attorney must take "reasonable

26 steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due

27 notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D),

28 and complying with applicable laws and rules."   CAL. R. PROF. CONDUCT 3-700(A)(2).

*United States District Court*
*For the Northern District of California*

### III. ANALYSIS

As Ms. Ly is no longer with the law firm representing Plaintiff, no longer has access to Plaintiff's case file, and has taken reasonable steps to avoid foreseeable prejudice to Plaintiff, her motion to withdraw as counsel is granted. As a result of this Order, Plaintiff must obtain new counsel or proceed pro se. If he cannot obtain new counsel, Plaintiff will be responsible for filing an Opposition, or Statement of Non-opposition, to the pending motion to dismiss. Under the Court's Local Rules, Plaintiff's Opposition, or Statement of Non-opposition, is due not less than 21 days before the hearing. *See* Civil Local Rule 7-3. With a motion hearing scheduled for Thursday, April 7, 2011, Plaintiff's Opposition is due on Thursday, March 17, 2011.

### IV. CONCLUSION

For the foregoing reasons, Ms. Ly's motion to withdraw as counsel is GRANTED. The February 24, 2011 motion hearing is vacated. The Court ORDERS Ms. Ly to serve this Order on Plaintiff by e-mail and certified mail, inform Plaintiff that the February 24, 2011 hearing is vacated, and file proof of service with the Court by Tuesday, February 22, 2011.

If Plaintiff wishes to represent himself, the Court urges him to contact the FLASH Program as soon as possible by calling (408) 297-1480 or by signing up for an appointment with FLASH at the San Jose Courthouse located at 280 S. First Street, San Jose, California, 95113.

**IT IS SO ORDERED.**

Dated: February 21, 2011

*Lucy H. Koh*
LUCY H. KOH
United States District Judge