UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JIGNESHI J. JARIWALA,<br><br>     Plaintiff,<br>  v.<br><br>JANET NAPOLITANO, Secretary for the<br>Department of Homeland Security, ET AL.,<br><br>     Defendants. | Case No.: 10-CV-04383-LHK<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS WITHOUT<br>PREJUDICE<br><br>(re: docket # 12) |

Plaintiff Jigneshi Jariwala ("Plaintiff") brings suit to compel the United States Citizenship and Immigration Services ("USCIS") to accept jurisdiction and adjudicate his application for adjustment of status to lawful permanent resident. Defendants move to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff has not filed an opposition. Pursuant to Local Civil Rule 7-1(b), the Court concludes that this motion is appropriate for determination without oral argument and vacates the April 7, 2011 motion hearing. For the reasons discussed below, Defendants' motion to dismiss is GRANTED WITHOUT PREJUDICE.

**I. BACKGROUND**

Plaintiff, a native citizen of India, applied for asylum on October 13, 1992. The application was denied and an order to show cause ("OSC") as to why he should not be deported for entering the United States without inspection was issued on March 9, 1994. Compl. ¶ 11. Plaintiff also

filed a second application with the asylum office under the name of Jingesh Mehta. *Id*. at ¶ 15. An OSC in connection with the Mehta file was issued on November 17, 1994. *Id*.

Plaintiff did not respond to either OSC. After Plaintiff failed to appear for a November 20, 1995 hearing on the merits of his asylum application regarding the Jariwala file, the Immigration Judge ("IJ") issued an order of deportation. *Id*. at ¶ 13. Plaintiff also failed to appear for an April 25, 1996 hearing regarding the Mehta file, and was likewise ordered deported *in absentia*. *Id*. at ¶ 15 n.1.

Plaintiff filed petitions for review with the Ninth Circuit. *Id*. at ¶¶ 16-17. These petitions were consolidated and remanded to the Board of Immigration Appeals ("Board") for consideration of actions necessary for clarification of Plaintiff's identity. *Id*. In the Mehta case, the Board concluded that Jingesh Mehta was the Plaintiff's true identity, denied reopening of the proceedings, and upheld the IJ's finding of deportation. *Id*. at ¶ 18. The Board also denied Plaintiff's motion to reconsider. *Id*. In the Jariwala case, the Board terminated proceedings as moot in light of the determination in the Mehta case regarding Plaintiff's true identity. *Id*. at ¶ 20. Petitions for review were again filed in both cases. The petition in the Jariwala case was voluntarily dismissed, while the petition in the Mehta case was denied by the Ninth Circuit on October 8, 2010.

During this time, Plaintiff married his wife Angelina Jariwala in 1997. *Id*. at. ¶ 2. Angelina Jariwala was a permanent resident of the United States at the time of their marriage, but became a U.S. citizen the following year. *Id*. Plaintiff twice filed an application for adjustment of status to lawful permanent resident with the USCIS based upon his marriage to a U.S. citizen. *Id*. at ¶ 28. USCIC, however, responded that it lacked jurisdiction over the adjustment application because Plaintiff had been placed in deportation proceedings. *See* Exh. D, attached to Compl.

Plaintiff filed his complaint on September 28, 2010 requesting an order from this Court mandating USCIS to accept jurisdiction and adjudicate Plaintiff's application for adjustment of status. Defendants have moved to dismiss for lack of jurisdiction.

## II. LEGAL STANDARDS

Except where statutes divest courts of jurisdiction, agency action is judicially reviewable under 28 U.S.C. § 1331. *Califano v. Sanders*, 430 U.S. 99, 107 (1977). Rule 12(b)(1) of the

1   Federal Rules of Civil Procedure requires dismissal of a complaint if the court lacks subject matter

2   jurisdiction.  On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the

3   party asserting jurisdiction has the burden of establishing that subject matter jurisdiction is proper.

4   *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *St. Clair v. City of Chico,* 880 F.2d

5   199, 201 (9th Cir.1989).

6         The Administrative Procedure Act (APA) allows a court to "compel agency action

7   unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).  Unless specified by statute, only

8   a final agency action is subject to judicial review.  5 U.S.C. § 704; *W. Radio Services Co. v. U.S.*

9   *Forest Serv.*, 578 F.3d 1116, 1122 (9th Cir. 2009) *cert. denied,* 130 S. Ct. 2402 (U.S. 2010).

### III.   DISCUSSION

11        Plaintiff claims that Defendants' refusal to adjudicate his adjustment of status application is

12  arbitrary, an abuse of discretion, and not in accordance with the law.  Defendants have moved to

13  dismiss Plaintiff's complaint for lack of subject matter jurisdiction.  Defendant argues that

14  Plaintiff's failure to exhaust his available remedies deprives this Court of jurisdiction.  Plaintiff did

15  not file an opposition to Defendants' motion to dismiss.

16  **A.    Exhaustion of Administrative Remedies under 8 U.S.C. § 1252**

17      "Where Congress specifically mandates, exhaustion is required.  But where Congress has

18  not clearly required exhaustion, sound judicial discretion governs." *See Cassirer v. Kingdom of*

19  *Spain*, 616 F.3d 1019, 1034 (9th Cir. 2010) (citing *McCarthy v. Madigan,* 503 U.S. 140, 144

20  (1992)).  If an exhaustion statute explicitly limits subject matter jurisdiction, failure to exhaust

21  administrative remedies is a bar to federal subject matter jurisdiction. *See McBride Cotton &*

22  *Cattle Corp. v. Veneman*, 290 F.3d 973, 979 (9th Cir. 2002).  The federal statute regarding

23  adjustment and change of an immigrant's status states that a court may review a final order of

24  removal only if "the alien has exhausted all administrative remedies available to the alien as of

25  right." *See* 8 U.S.C. § 1252(d)(1).  Further, "[i]n the case of any alien who has been placed in

26  deportation proceedings or removal proceedings (other than as an arriving alien), the immigration

27  judge hearing the proceeding has exclusive jurisdiction to adjudicate any application for adjustment

28  of status the alien may file." *See* 8 C.F.R. § 1245.2(a)(1)(I).

3

Case No.: 10-cv-04383
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE

Here, USCIS properly determined that it lacked jurisdiction over Plaintiff's application for adjustment of status because Plaintiff's deportation proceedings remain pending. The Board of Immigration Appeals only terminated the Jariwala case because it found that Jingesh Mehta was Plaintiff's "true identity." In the Mehta case, a valid order of removal remains, and is binding upon Plaintiff. Furthermore, the adjustment of status that Plaintiff seeks is inextricably linked to the removal order. Indeed, a successful adjustment of status would result in the invalidation of the IJ's removal order. See *Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1082-83 (9th Cir. 2010).

In these circumstances, Plaintiff's request for adjustment of status should be before an IJ. As Defendants suggest, Plaintiff may file a motion to reopen with the Board of Immigration Appeals to renew his adjustment application for *de novo* consideration before an IJ. Defs.' Mot. to Dismiss at 7. Indeed, Plaintiff states in his complaint that this is one of the avenues which he is currently pursuing. Compl. ¶ 9. With this alternative form of relief available, Plaintiff has not exhausted all administrative remedies available as required by 8 U.S.C. § 1252(d)(1).

**B.     Judicial Review under the APA**

The APA permits judicial review of a final agency action "for which there is no other adequate remedy in a court." *See* 5 U.S.C. § 704. "When an aggrieved party has exhausted all administrative remedies expressly prescribed by statute or agency rule, the agency action is 'final for the purposes of [the APA]' and therefore 'subject to judicial review.'" *See Darby v. Cisneros*, 509 U.S. 137, 146 (1993). Therefore, the issue here is whether at the time this action was filed there had been a final agency action for which Plaintiff had no other adequate remedy. As detailed above, Plaintiff does have an adequate alternative remedy. *See* 8 CFR 1245.2(a)(1) (providing IJ with jurisdiction to adjudicate adjustment of status when alien has been placed in removal or deportation proceedings).

Since Plaintiff may, and apparently has, filed a motion to reopen with the Board and may potentially obtain *de novo* review before an IJ, the order for removal is not yet final. The Ninth Circuit has recently held that a district court lacks jurisdiction under the APA when *de novo* review before an IJ is available, as it is here. *See Cabaccang v. U.S. Citizenship & Immigration Servs.*,

4

Case No.: 10-cv-04383
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE

627 F.3d 1313, 1316 (9th Cir. 2010) (no final agency action when aliens had the right to renew their applications to adjust status before the immigration judge and would have "an opportunity to fully develop their arguments before the immigration judge").  In addition, the Ninth Circuit concluded that the pendency of removal proceedings meant that the aliens had not exhausted their administrative remedies.  *Id*. at 1316-17 ("Until they have exhausted this available administrative remedy [seeking adjustment of status before an IJ], the district court cannot hear their claim.").  Therefore, the Court does not have jurisdiction under the APA.[1]

## IV. CONCLUSION

Accordingly, as Plaintiff has not exhausted his available remedies, Defendants' motion to dismiss is GRANTED WITHOUT PREJUDICE.  The April 7, 2011 motion hearing is vacated.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 4, 2011

_____
LUCY H. KOH
United States District Judge

---

[1] As an alternative ground for dismissal, Defendants argue that the REAL ID Act, codified at 8 U.S.C. § 1252(a)(5) and (b)(9), divests district courts of jurisdiction over adjustment of status denials by USCIS when the alien has been placed into removal proceedings.  *See* Defs.' Mot. to Dismiss at 13.  Since the Court has accepted Defendants' first two grounds for dismissal, namely the failure to satisfy the exhaustion requirements in 8 U.S.C. § 1252(d)(1) and the APA, the Court finds it unnecessary to rule upon the propriety of Plaintiff's claim under the REAL ID Act.